## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| THE CITY OF PLANTATION POLICE OFFICERS' EMPLOYEES' RETIREMENT SYSTEM, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 2:14-cv-1380 |
| | ) (James L. Graham, Judge) |
| v. | ) (Norah McCann King, Mag. Judge) |
| | ) |
| MICHAEL S. JEFFRIES, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| ABERCROMBIE & FITCH CO., | ) |
| | ) |
| Nominal Defendant. | ) |

## AFFIDAVIT OF MAILING

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss. |
| COUNTY OF SUFFOLK | ) | |

I, Edwin Crespo, being duly sworn, depose and state as follows:

1. I submit this affidavit in order to provide the Court and the parties to the above-captioned action (the "Action") with information regarding the mailing of the Notice of Proposed Settlement of Derivative Action, Settlement Fairness Hearing, And Right To Appear ("the "Notice"), a true and correct copy of which is attached as Exhibit A, on behalf of Abercrombie & Fitch Co. ("Abercrombie & Fitch" or the "Company"). I am over 21 years of age and am not a party to this Action. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. I am a Director of Client Services at Broadridge Financial Solutions Inc. ("Broadridge"). My business address is 51 Mercedes Way, Edgewood, NY 11717. Broadridge has been retained by Abercrombie & Fitch as the authorized agent in the Action to effect the mailing of the Notice to all persons and entities who held shares of Abercrombie & Fitch's common stock as of the close of business on August 29, 2014 (the "Record Date"). The Notice was mailed in substantially the form approved by the Court.

3. On September 4, 2014, Broadridge received from Abercrombie & Fitch's stock transfer agent, American Stock Transfer & Trust Company, LLC, a list containing certain contact information for registered holders of Abercrombie & Fitch's common stock on the Record Date (the "Record List"). The Record List identified 3,623 distinct stockholders of record (the "Record Holders"). On October 17, 2014, Broadridge caused a Notice to be mailed to each of the 3623 Record Holders with known contact information via the United States Postal Service (the "USPS"), First Class Mail, postage prepaid.

4. On September 4, 2014, Broadridge received from Abercrombie & Fitch's stock transfer agent, Computershare, a list containing certain contact information for registered holders of Abercrombie & Fitch's common stock on the Record Date (the "Record List"). The Record List identified 7 distinct stockholders of record (the "Record Holders"). On October 17, 2014, Broadridge caused a Notice to be mailed to each of the 7 Record Holders with known contact information via USPS, First Class Mail, postage prepaid.

5. Commonly in publicly-traded corporations, the large majority of stockholders are beneficial purchasers whose securities are held in "street name," *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, and on behalf of the beneficial purchasers. Broadridge maintains a proprietary

database of 1,158 known securities brokers, dealers, banks, and other nominees (the "Broker Database"). On October 17, 2014, Broadridge caused Notices to be mailed to each of the 1,158 nominees in the Broker Database by USPS, First Class Mail, postage prepaid.

6. Broadridge received 30,544 names and addresses of potential stockholders from brokerage firms, banks, institutions and other nominees requesting that the Notice be mailed directly to the potential stockholders. Broadridge complied with all such requests in a timely manner.

7. As of December 11, 2014, USPS had returned no Notices as undeliverable with no forwarding address.

8. In total, as of December 11, 2014, as a result of the above efforts, Broadridge has caused to be mailed a total of 35,332 Notices.

9. As of December 11, 2014, Broadridge has received no objections relating to the Notice or any of the matters referred to therein.

10. I declare under penalty of perjury that the foregoing is true and correct.

_____
Edwin Crespo
Director

SWORN TO AND SUBSCRIBED before me this 11th day of December, 2014

_____
Notary Public

My commission expires on January 21, 2017.

Marialena Fagan
Notary Public - State of New York
No. 01FA6117520
Qualified in Suffolk County
My Commission Expires January 21, 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF PLANTATION POLICE OFFICERS' EMPLOYEES' RETIREMENT SYSTEM,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL S. JEFFRIES, et al.,<br><br>    Defendants,<br><br> and<br><br>ABERCROMBIE & FITCH CO.,<br><br>    Nominal Defendant. | Case No. 2:14-cv-1380<br>(James L. Graham, Judge)<br>(Norah McCann King, Mag. Judge) |

### NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION, SETTLEMENT FAIRNESS HEARING, AND RIGHT TO APPEAR

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

TO: ALL PERSONS AND ENTITIES THAT HELD SHARES OF COMMON STOCK OF ABERCROMBIE & FITCH CO. ("ANF" OR THE "COMPANY") AS OF THE CLOSE OF BUSINESS ON AUGUST 29, 2014.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.** This Notice relates to a proposed settlement (the "Settlement") of the above-captioned Stockholder derivative action (the "Action") brought in the United States District Court for the Southern District of Ohio (the "Court"). Your rights will be affected by the legal proceedings in this Action.[1]

If you are a nominee holding ANF common stock for the benefit of another, please read the section below entitled "NOTICE TO PERSONS OR ENTITIES HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS".

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Amended Stipulation and Agreement of Settlement dated October 1, 2014 (the "Settlement Stipulation"), which is available for review at www.abercrombie.com/anf/investors/investorrelations.html, under "Investor Notices."

**PLEASE NOTE: THERE IS NO PROOF OF CLAIM FORM FOR STOCKHOLDERS TO SUBMIT IN CONNECTION WITH THIS SETTLEMENT, AND STOCKHOLDERS ARE NOT REQUIRED TO TAKE ANY ACTION IN RESPONSE TO THIS NOTICE.**

Pursuant to the Settlement, ANF will adopt significant corporate governance reforms in the areas of ethical and compliance management, internal controls, and executive compensation. Specifically, ANF has agreed to: (i) appoint and empower a Chief Ethics and Compliance Officer ("CECO"); (ii) strengthen internal controls over ethics and compliance, including with regard to conflicts of interest; (iii) clarify and strengthen ANF's whistleblower policy; (iv) engage with both large institutional Stockholders and external advisors regarding ethics-, compliance-, and compensation-related issues; (v) more closely monitor and regulate access by non-employees to nonpublic ANF information; and (vi) review and, where appropriate, amend compensation agreements with the Chief Executive Officer ("CEO") Michael S. Jeffries ("Jeffries") and other ANF executives in order to more closely align ANF's performance with executives' compensation. Each of those enhancements is based on input from corporate governance experts and is in line with best practices.

## WHAT IS THE PURPOSE OF THIS NOTICE?

1. The purpose of this Notice is to explain the Action, the terms of the proposed Settlement, and how the proposed Settlement affects ANF Stockholders' legal rights.

2. In a derivative action, one or more people and/or entities who are current Stockholders of a corporation sue on behalf of and for the benefit of the corporation, seeking to enforce the corporation's legal rights. In this case, Plaintiff the City of Plantation Police Officers' Employees Retirement System ("Derivative Plaintiff" or the "System") has filed suit on behalf of ANF against the members of the Company's board of directors (the "Board") challenging what the System believes were corporate governance failures at the Company, in the areas of ethical and compliance management, internal controls, and executive compensation.

3. The Court will hold a hearing (the "Settlement Fairness Hearing") on December 18, 2014, at 10:00 a.m., at the Joseph P. Kinneary United States Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, at which the Court will: (i) determine whether the System and the System's lead counsel, the law firm Bernstein Litowitz Berger & Grossmann LLP ("BLB&G" or the "System's Counsel"), have adequately represented the interests of ANF and its Stockholders; (ii) determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate; (iii) determine whether the Court should enter the Final Judgment dismissing the Action with prejudice; (iv) consider the application by System's Counsel and all other legal counsel who, at the direction and under the supervision of System's Counsel, performed services on behalf of Derivative Plaintiff in the Action (collectively, "Derivative Plaintiff's Counsel") for an award of Attorneys' Fees and Expenses; (v) hear and determine any objections to the Settlement or to the application by Derivative Plaintiff's Counsel for an award of Attorneys' Fees and Expenses; and (vi) rule on such other matters as the Court may deem appropriate.

> **WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?**

THE FOLLOWING DESCRIPTION OF THE ACTION AND THE SETTLEMENT HAS BEEN PREPARED BY COUNSEL FOR THE PARTIES. THE COURT HAS MADE NO FINDINGS WITH RESPECT TO SUCH MATTERS, AND THIS NOTICE IS NOT AN EXPRESSION OR STATEMENT BY THE COURT OF FINDINGS OF FACT.

4. On January 29, 2014, the System, by and through the System's Counsel, sent a letter to ANF's Board and Corporate Secretary demanding inspection of the Company's books and records under Section 220 of the Delaware General Corporation Law ("Section 220") in order to investigate potential breaches of fiduciary duty by the Board.

5. On February 28, 2014, the System, by and through the System's Counsel, sent a letter to ANF's Board and Corporate Secretary supplementing the January 29, 2014 demand letter, laying out further bases for the System's requests and setting forth additional document requests (together with the January 29, 2014 letter, the "Section 220 Demand").

6. In the Section 220 Demand, the System asserted that it had a reasonable basis to demand access to ANF's books and records. The Section 220 Demand as to potential breaches of fiduciary duty at the Company set forth allegations of fact, based on the investigation by the System's Counsel, that the System and its counsel believed satisfied the standards of Section 220 to justify the System investigating whether the Board and/or ANF's CEO Jeffries had breached fiduciary duties to ANF and/or its Stockholders in connection with purportedly: (i) approving compensation, expense reimbursement and related payments for Jeffries and other Company executives; (ii) failing to adequately oversee the Company's ethics and legal and accounting compliance controls; and (iii) providing a non-ANF employee who had no fiduciary obligations to the Company with access to proprietary, nonpublic information and Company resources, as well as allowing such employee to play a role in certain aspects of the Company's strategic decision making.

7. On February 21, 2014, and on six dates thereafter, in response to the Section 220 Demand, the Company produced responsive documents for review by the System's Counsel, without conceding that any wrongdoing had occurred or that the System had satisfied the standards of Section 220.

8. Based on its review of the documents that the Company produced in response to the Section 220 Demand, as well as the System's prior and ongoing independent investigation of the matters set forth in the Section 220 Demand, the System's Counsel informed the Board's counsel that the System's concerns, as set forth in its Section 220 Demand, continued, and that the System expected to file a complaint challenging what it believed were corporate governance failures at the Company in the areas of ethical and compliance management, internal controls, and executive compensation.

9. ANF, the Individual Defendants, and the Board each denied, and continues to deny, that he, she, or it committed, or aided and abetted the commission of, any breach of fiduciary duty or of any other law, or engaged in any of the alleged wrongful acts that are the

3

subject of the System's concerns, beliefs and intended claims, and expressly maintains that he, she, or it diligently and scrupulously complied with his, her, or its fiduciary and other legal duties, to the extent such duties exist.

10. The System's Counsel indicated that, if the Board were interested in attempting to resolve the System's intended claims, the System would present a demand for corrective action. After further discussions, ANF and the Board's counsel, without admitting any wrongdoing and to avoid the burden, expense, distraction and uncertainties inherent in litigation, indicated a willingness to resolve the contemplated derivative litigation, and asked the System to provide its demand for a settlement.

11. In connection with its preparation for litigation, the System retained corporate governance experts in order to identify potential governance enhancements at ANF and to craft specific proposals.

12. In consultation with those corporate governance experts, on March 18, 2014, the System sent a preliminary set of ethical and compliance management, internal controls, and executive compensation demands to ANF. Discussions among the parties regarding the substance of those demands followed.

13. On April 7, 2014, the Company filed a Form 8-K with the Securities and Exchange Commission stating that, on March 31, 2014, the Board's Compensation Committee made "a number of significant changes" to the Company's executive compensation structure, designed to better "support critical business objectives and align with Stockholders' interests." The Form 8-K acknowledged that these changes "reflect[ed] extensive input from Stockholders of the Company."

14. The changes to the Company's executive compensation structure announced in the Form 8-K adopted in substantial part the content and wording of the System's March 18, 2014 proposals.

15. In light of the Section 220 Demand and the efforts of the System's Counsel, including the allegations developed through the investigation of counsel and the corporate governance enhancements developed in conjunction with the System's retained experts, counsel for ANF and the Board engaged in further extensive discussions with the System's Counsel. Those discussions concerned corporate governance reforms designed to address the concerns giving rise to the Section 220 Demand, and to enhance corporate governance practices at the Company.

16. Based on those discussions, as well as on the System's continued investigation and engagement with its retained corporate governance experts, and the ANF Board's interest in enhancing good corporate governance practices at the Company, the ANF Board has agreed to adopt numerous significant corporate governance reforms.

17. Specifically, subject to final approval by the Court, the Company will adopt corporate governance reforms in the areas of ethical and compliance management, internal controls, and executive compensation, and maintain such changes for a period of at least four

years unless the ANF Board determines by unanimous vote that revocation or amendment thereof would be in the best interests of the Company and its Stockholders (defined below), with public notice of such decision to be provided, or unless there are changes that are mandated by modifications in any applicable listing requirement, regulation or law.

18. On May 9, 2014, the parties executed a Memorandum of Understanding ("MOU") setting forth the agreement in principle to settle the Action. Under the MOU, a condition of the agreement in principle to settle the Action was the ANF Board's agreement to provide discovery that would allow the System and the System's Counsel to confirm the propriety of the decision to settle on the agreed-to terms. Review of the documents and information produced by Defendants has confirmed the System's and System's Counsel's belief that the Settlement is fair, reasonable and adequate.

19. The Parties entered into the Amended Stipulation and Agreement of Settlement on October 1, 2014. On October 10, 2014, the Court preliminary approved the Settlement which authorized this Notice to be provided to ANF Stockholders and scheduled the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement.

## WHAT ARE THE TERMS OF THE SETTLEMENT?

20. As consideration for the Settlement, within 30 business days of the Effective Date of the Settlement, ANF, through its Board, shall adopt and implement to the extent not already implemented corporate reforms as set forth in this Notice.

## WHAT ARE THE PARTIES' REASONS FOR THE SETTLEMENT?

21. The System and the System's Counsel thoroughly considered the facts and law underlying the claims asserted in the Action. Although the System and the System's Counsel believe that the claims asserted in the Action have merit, the Court could have adopted Defendants' view of the applicable legal standard or of the underlying evidence, and could enter judgment for the Defendants, either dismissing the Action prior to trial or after trial. The System and the System's Counsel also considered the expense and length of continued proceedings necessary to pursue the claims asserted in the Action through trial, as well as the uncertainty of appeals. The System and the System's Counsel also considered the possibility that a Court may not be able to order the specific relief achieved in the Settlement.

22. This Action was brought by the System in order to (i) improve the Company's internal controls over ethics and compliance; (ii) better align the compensation of ANF's CEO and other executive officers with the Company's performance; (iii) enhance ANF's and the Board's responsiveness to and engagement with its Stockholders; and (iv) enhance monitoring and regulation of access by non-employees to nonpublic ANF information. As a result of the Settlement reached herein, the System has been successful in accomplishing those goals, which the parties believe will provide value to the Company and its Stockholders.

5

23. In light of the valuable benefits provided to ANF and ANF's Stockholders under the Settlement, the System and the System's Counsel have determined that the proposed Settlement is fair, reasonable, and adequate. The Settlement provides substantial immediate benefits to ANF without the risk that continued litigation could result in obtaining similar or lesser relief for ANF after continued extensive and expensive litigation, including trial and the appeals that were likely to follow.

24. Each of the Defendants has denied and continues to deny any wrongdoing, and the Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any of the other ANF Releasees, with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the System or any of the other Plaintiff's Releasees of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

> WHAT WILL HAPPEN IF THE SETTLEMENT IS APPROVED? WHAT CLAIMS WILL THE SETTLEMENT RELEASE?

25. If the Settlement is approved, the Court will enter a judgment (the "Final Judgment"). Pursuant to the Final Judgment, the Action will be dismissed in its entirety and with prejudice and, upon the Effective Date of the Settlement, the following releases will occur:

**Release of Claims by ANF and ANF Stockholders upon the Effective Date**: The System, and each and every other ANF Stockholder, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such only, and derivatively on behalf of ANF, shall fully, finally, and forever release, settle, and discharge, and shall forever be enjoined and permanently barred from instituting, commencing, or prosecuting any and all Released Plaintiff's Claims (defined below) against the ANF Releasees (defined below).

"Released Plaintiff's Claims" means all derivative claims and derivative causes of action of any kind, nature, or description, whether known claims or Unknown Claims (as defined below), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, (i) that the System asserted in the Verified Stockholder Derivative Complaint or that are related to the potential claims set forth in the Section 220 Demand; or (ii) that any other ANF Stockholder could assert derivatively that are based upon or arise out of or relate to, in any way, any of the actions, transactions, occurrences, statements, allegations, or facts that were set forth in the Section 220 Demand or contained in the documents produced in response to the Section 220 Demand, except for claims relating to the enforcement of the Settlement. For the avoidance of doubt, the Released Plaintiff's Claims include derivative breach of fiduciary duty claims, discussed in the Section 220 Demand or raised in the Verified Stockholder Derivative Complaint, related to executive compensation awards and alleged governance and oversight failures, but do not include (i) claims based on

6

future conduct of the ANF Releasees, including any conduct of the ANF Releasees after August 28, 2014, or (ii) any direct claims belonging to ANF Stockholders.

"ANF Releasees" means ANF, any and all current and former members of the ANF Board, ANF's current and former executive officers, parent corporations, affiliates, subsidiaries, predecessors, successors, agents, assigns, attorneys, and anyone acting or purporting to act on their behalf.

**Release of Claims by Defendants and Other ANF Releasees upon the Effective Date:** Defendants, ANF, and the other ANF Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such only, shall fully, finally, and forever release, settle, and discharge, and shall forever be enjoined and permanently barred from instituting, commencing, or prosecuting any and all Released Defendants' Claims (defined below) against the Plaintiff's Releasees (defined below).

"Released Defendants' Claims" means all claims and causes of action of any kind, nature, or description, whether known claims or Unknown Claims (as defined below), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, that arise out of, are based upon, or relate in any way to the institution, prosecution or settlement of the Section 220 Demand or the Action, except for claims relating to the enforcement of the Settlement.

"Plaintiff's Releasees" means the System and all other ANF Stockholders, parent corporations, affiliates, subsidiaries, successors, predecessors, assigns, and attorneys.

"Unknown Claims" means any and all Released Plaintiff's Claims that ANF, Derivative Plaintiff or any other Stockholder or any of the other Plaintiff's Releasees does not know or suspect to exist in his, her or its favor at the time of the release of the ANF Releasees, and any and all Released Defendants' Claims that any Individual Defendant or any of the other ANF Releasees does not know or suspect to exist in his, her or its favor at the time of the release of the Plaintiff's Releasees, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Plaintiff's Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Settlement Effective Date, Derivative Plaintiff, ANF and each of the Individual Defendants shall expressly waive, and each other Stockholder and each of the other Plaintiff's Releasees and each of the other ANF Releasees shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, or by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

7

Derivative Plaintiff, ANF and each of the Individual Defendants acknowledge, and each other Stockholder and each of the other Plaintiff's Releasees and ANF Releasees by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

26. Pending final determination by the Court of whether the Settlement should be approved, (i) Derivative Plaintiff and all other ANF Stockholders are barred and enjoined from commencing or prosecuting any of the Released Plaintiff's Claims against any of the ANF Releasees; and (ii) Defendants, ANF and the other ANF Releasees are barred and enjoined from commencing or prosecuting any of the Released Defendants' Claims against any of the Plaintiff's Releasees.

### HOW WILL THE ATTORNEYS BE PAID?

27. Derivative Plaintiff's Counsel has not received any payment for its services in pursuing the claims asserted in the Action, nor has Derivative Plaintiff's Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Derivative Plaintiff's Counsel will apply to the Court for an award of Attorneys' Fees and Expenses to Derivative Plaintiff's Counsel and reimbursement of litigation expenses (the "Fee and Expense Application") based on the benefits provided to ANF and ANF's Stockholders from the Settlement and the prosecution of the Action. Derivative Plaintiff's Counsel's Fee and Expense Application shall seek no more than $2,775,000.00, and Defendants and ANF agree that they will not object to or otherwise take any position adverse to the Fee and Expense Application. Individual Defendants and ANF acknowledge Derivative Plaintiff's Counsel's right to an award of Attorneys' Fees and Expenses based on the benefits provided to ANF and its Stockholders from the Settlement and the prosecution of the Action.

28. The Court will determine the amount of any fee and expense award to Derivative Plaintiff's Counsel (the "Fee and Expense Award"). The full amount of any Fee and Expense Award shall be paid by the Company, its successor-in-interest, or their insurers. ANF Stockholders are not personally liable for any such fees or expenses.

### WHEN AND WHERE WILL THE SETTLEMENT FAIRNESS HEARING BE HELD? DO I HAVE THE RIGHT TO APPEAR AT THE SETTLEMENT FAIRNESS HEARING?

29. The Court will consider the Settlement and all matters related to the Settlement at the Settlement Fairness Hearing. The Settlement Fairness Hearing will be held before The Honorable James L. Graham, on December 18, 2014 at 10:00 a.m., at the Joseph P. Kinneary United States Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215. At the Settlement Fairness Hearing, the Court will (i) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; (ii) determine whether the Final Judgment (as defined above) should be entered dismissing the Action against Defendants with prejudice pursuant to the Stipulation; (iii)

determine whether the application by Derivative Plaintiff's Counsel for an award of Attorneys' Fees and Expenses should be approved; (iv) hear and consider any objections to the Settlement or Derivative Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses; and (v) consider any other matters that may properly be brought before the Court in connection with the Settlement.

30. Any person or entity that owned ANF common stock as of August 29, 2014 and continues to own ANF common stock through December 18, 2014, the date of the Settlement Fairness Hearing, may object to the Settlement or Derivative Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses. Objections must be in writing and must be filed, together with copies of all other papers and briefs supporting the objection, with the Clerk of the Court at the address set forth below on or before December 4, 2014. Objections must also be served on the System's Counsel and ANF's Counsel (by hand, first-class U.S. mail, or express service) at the addresses set forth below so that the objection is *received* on or before December 4, 2014.

| **Clerk of the Court** | **System's Counsel** | **ANF's Counsel** |
|---|---|---|
| United States District Court Southern District of Ohio Clerk of the Court 85 Marconi Boulevard Columbus, Ohio 43215 | Mark Lebovitch, Esq. Bernstein Litowitz Berger & Grossmann LLP 1285 Avenue of the Americas New York, NY 10019 | Edward P. Welch, Esq. Skadden, Arps, Slate, Meagher & Flom LLP One Rodney Square P.O. Box 636 Wilmington, DE 19899-0636 |

31. Any objection (i) must state the name, address and telephone number of the objector and, if represented, his, her or its counsel; (ii) must include documents sufficient to prove that the objector owned shares of ANF stock as of August 29, 2014 and continues to hold such shares; and (iii) must contain a statement of the Stockholder's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Stockholder wishes to bring to the Court's attention.

32. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

33. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement or Derivative Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk of the Court and serve it on System's Counsel and ANF's Counsel at the addresses set forth in ¶ 30 above so that it is *received* on or before December 4, 2014. Stockholders who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

34. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on the System's Counsel and ANF's Counsel at the addresses set forth in ¶ 30 above so that the notice is *received* on or before December 4, 2014.

35. Unless the Court otherwise directs, any person or entity who fails to object in the manner prescribed above shall be deemed to have waived his, her, or its right to object and shall be forever barred from raising any objection to the Settlement or Derivative Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses, or any other matter related to the Settlement, in the Action or in any other action or proceeding.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

36. This Notice does not purport to be a comprehensive description of the Action, the allegations related thereto, the terms of the Settlement, or the Settlement Fairness Hearing. For a more detailed statement of the matters involved in the Action, you may inspect the pleadings, the Settlement Stipulation, the Orders entered by the Court, and other papers filed in the Action at the Office of the Clerk, United States District Court for the Southern District of Ohio, Joseph P. Kinneary United States Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, during regular business hours of each business day. You may also view a copy of the Settlement Stipulation at www.abercrombie.com/anf/investors/investorrelations.html, under "Investor Notices." If you have questions regarding the Settlement, you may write or call the System's Counsel: Mark Lebovitch, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496.

## NOTICE TO PERSONS OR ENTITIES HOLDING RECORD OWNERSHIP ON BEHALF OF OTHERS.

37. Brokerage firms, banks, and other persons or entities holding shares of ANF common stock as record holders for the beneficial interest of persons or organizations other than themselves are requested to immediately send this Notice to all such beneficial owners. Additional copies of this Notice for transmittal to beneficial owners are available by contacting Broadridge Investor Communication Solutions, Inc. (the "Notice Administrator") at the following address:

ANF Derivative Litigation
c/o Broadridge Investor Communication Solutions, Inc.
51 Mercedes Way
Edgewood, NY 11717
Attn: Reorg Dept.
Email: BBTRProxyOps@Broadridge.com

You may also furnish the names and addresses of your beneficial owners in writing to the Notice Administrator at the above address, which will then be responsible for sending the Notice to such beneficial owners. If you choose this option, the Notice Administrator will send a copy of the Notice to the beneficial owners. Upon full compliance with these directions, such record holders may seek reimbursement of their reasonable expenses actually incurred, by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained from the website www.abercrombie.com/anf/investors/investorrelations.html, under "Investor Notices".

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF
THE CLERK OF THE COURT REGARDING THIS NOTICE.**

Dated: October 10, 2014

By Order of the Court
United States District Court
Southern District of Ohio

**Broadridge Financial Solutions**
**Attn: Reorg Dept.**
**51 Mercedes Way**
**Edgewood, NY 11717**