IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF PLANTATION POLICE OFFICERS' EMPLOYEES' RETIREMENT SYSTEM,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL S. JEFFRIES, et al.,<br><br>    Defendants,<br><br> and<br><br>ABERCROMBIE & FITCH CO.,<br><br>    Nominal Defendant. | Case No. 2:14-cv-1380<br>(James L. Graham, Judge)<br>(Norah McCann King, Mag. Judge) |

**ORDER AND FINAL JUDGMENT APPROVING**
**DERIVATIVE ACTION SETTLEMENT**

This action has come before the Court upon the joint motion of Derivative Plaintiff The City of Plantation Police Officers' Employees' Retirement System (the "System" or "Derivative Plaintiff") and Defendants Michael S. Jeffries, James B. Bachmann, Bonnie R. Brooks, Terry L. Burman, Sarah M. Gallagher, Michael E. Greenlees, Archie M. Griffin, Arthur C. Martinez, Diane L. Neal, Charles R. Perrin, Stephanie M. Shern, and Craig R. Stapleton (the "Individual Defendants") and Nominal Defendant Abercrombie & Fitch Co. ("ANF" or the "Company") (collectively, "Defendants") for final approval of their Amended Stipulation and Agreement of Settlement dated October 1, 2014.

By Order dated October 10, 2014 (Doc. #19), the Court granted preliminary approval of the proposed Settlement and set the date and time for a final fairness hearing (the "Preliminary

Approval Order"). The Preliminary Approval Order also set forth certain procedures for notifying ANF Stockholders, as well as allowing those Stockholders to object to the Settlement terms.

On December 18, 2014, after full briefing, Magistrate Judge King conducted a final fairness hearing. On December 30, 2014, Magistrate King entered a Report and Recommendation (the "Report and Recommendation") (Doc. #30). The Report and Recommendation recommended that the Court grant final approval to the proposed Settlement and award Derivative Plaintiff's Counsel attorneys' fees and reimbursement of expenses in the total amount of $1,655,241.58. Pursuant to 28 U.S.C.§ 636(b)(1), the parties have fourteen days in which to file written objections to the Report and Recommendation. The parties have advised the Court that they do not intend to file any objection to the Report and Recommendation.

Reasonable and adequate notice having been given to then-current ANF Stockholders as required in the Preliminary Approval Order, and the Court having reviewed and considered the Report and Recommendation and all of the papers filed and proceedings had in this matter and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Report and Recommendation (Doc. #30) shall be incorporated by reference and adopted in its entirety.

2. This Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Final Judgment shall have the same meaning as set forth in the Stipulation.

3. The Court has jurisdiction over the subject matter of the Derivative Action, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

4. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Settlement in all respects, finds that the Settlement set forth in the Stipulation provides substantial benefits to ANF and ANF Stockholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. The Derivative Action, all claims contained therein, and the Released Claims, are hereby ordered as compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings in the Derivative Action and this Final Judgment.  As among Derivative Plaintiff, ANF, and the Individual Defendants, the Settling Parties are each to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Settlement Effective Date, Derivative Plaintiff, ANF, and each and every ANF Stockholder, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such only, and derivatively on behalf of ANF, are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all Released Plaintiff's Claims against any of the ANF Releasees.

7. Upon the Settlement Effective Date, Defendants and each of the other ANF Releasees, on behalf of themselves, and their respective heirs, executors,

       administrators, predecessors, successors and assigns in their capacities as such only, are forever enjoined and permanently barred from instituting, commencing or prosecuting any and all Released Defendants' Claims against any of Plaintiff's Releasees.

8. Upon the Settlement Effective Date, Derivative Plaintiff, ANF, and each and every ANF Stockholder, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such only, and derivatively on behalf of ANF, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged any and all Released Plaintiff's Claims (including Unknown Claims) against the ANF Releasees.  Nothing in this Final Judgment shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

9. Upon the Settlement Effective Date, Defendants and each of the other ANF Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such only, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged any and all Released Defendants' Claims against Derivative Plaintiff and any other Plaintiff's Releasees.  Nothing in this Final Judgment shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

10. The Court finds that Notice of the Settlement has been given to ANF Stockholders pursuant to and in the manner directed in the Preliminary Approval

Order; proofs of compliance with the notice procedures set forth in the Preliminary Approval Order were filed with the Court; and full opportunity to be heard has been offered to all Parties and current ANF Stockholders. The form and manner of the Notice provided is hereby confirmed to fully satisfy the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process, and it is further determined that ANF, Derivative Plaintiff, and all ANF Stockholders are bound by this Final Judgment.

11. Derivative Plaintiff has held stock in ANF since the time of the conduct complained of in the Derivative Action, has standing to prosecute the Derivative Action, and is an adequate representative of all ANF Stockholders.

12. The Court finds that, during the course of the Derivative Action, the Settling Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure and all similar rules and laws.

13. Neither the Stipulation (including any exhibit attached to the Stipulation) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of the Released Claims, or of any fault, wrongdoing or liability of Defendants, or the validity of the Released Claims, or (ii) is intended to be offered or received as evidence or used by any other Person in any other action or proceeding, whether civil, criminal or administrative agency or other tribunal. The Settling Parties, Derivative Plaintiff's Counsel and the Released Parties may

5

file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Derivative Plaintiff's Counsel is awarded attorneys' fees and reimbursement of expenses in the total amount of $1,655,241.58, which sum the Court finds to be fair and reasonable.  ANF shall pay or cause to be paid the Court-awarded attorneys' fees and expenses to Derivative Plaintiff's Counsel in accordance with the terms of the Stipulation.

15. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing jurisdiction over:  (i) implementation of the Settlement; and (ii) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and the Settlement, including, if necessary, setting aside and vacating this Final Judgment, on motion of a Party, to the extent consistent with and in accordance with the Stipulation if the Settlement Effective Date fails to occur in accordance with the Stipulation.

16. This Final Judgment is a final, appealable judgment and shall be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure. IT IS SO ORDERED.

                                                s/ James L. Graham
                                                JAMES L. GRAHAM
                                                UNITED STATES DISTRICT JUDGE